UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXSAM, INC.,<br>*Plaintiff*,<br><br>v.<br><br>AETNA, INC.,<br>*Defendant*. | No. 3:19-cv-01025 (VAB) |

**RULING AND ORDER ON MOTION FOR LEAVE TO AMEND**

AlexSam, Inc. ("Plaintiff" or "AlexSam") has sued Aetna, Inc. ("Defendant") for alleged patent infringement related to Claims 32 and 33 of United States Patent Nos. 6,000,608 (the "'608 Patent"). Second Am. Compl., ECF No. 57 (Dec. 6, 2019).

On January 10, 2020, Aetna, Inc. moved to dismiss the action. *See* Def. Aetna Inc.'s Mot. to Dismiss the Second Am. Compl., ECF No. 65 (Jan. 10, 2020). On September 11, 2020, the Court granted Aetna, Inc.'s motion and allowed AlexSam to move for leave to file an amended pleading to the extent the deficiencies identified by the Court could be addressed. Ruling and Order on Mot. to Dismiss, ECF No. 96 (Sept. 11, 2020) ("Dismissal Order"); *see also AlexSam, Inc. v. Aetna, Inc.*, No. 3:19-CV-01025 (VAB), 2020 WL 5502323 (D. Conn. Sept. 11, 2020) ("*AlexSam I*").

AlexSam now has moved, following a denial of reconsideration of the Court's order in *AlexSam I*, to amend the Complaint. *See* Pl.'s Mot. for Leave to File a Third Am. Compl., ECF No. 118 (Sept. 10, 2021) ("Mot. to Amend"); *see also* Ruling and Order on Pending Mots., ECF No. 115 (July 30, 2021) ("Reconsideration Order"); *AlexSam, Inc. v. Aetna, Inc.*, No. 3:19-CV-01025 (VAB), 2021 WL 3268853 (D. Conn. July 30, 2021) ("*AlexSam II*").

1

For the following reasons, the motion for leave to amend will be **DENIED with prejudice**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the underlying factual and procedural history of this case up to the Court's denial of reconsideration of its decision on Aetna Inc.'s motion to dismiss. *See* Dismissal Order at 1–14; Reconsideration Order at 1–2; *AlexSam I*, 2020 WL 5502323, at *1–*7; *AlexSam II*, 2021 WL 3268853, at *1–*2.

On September 10, 2021, the Court denied AlexSam's motion for reconsideration of the dismissal of the Second Amended Complaint. *See* Reconsideration Order at 1–26; *AlexSam II*, 2021 WL 3268853, at *1–*13. In that decision, the Court also rejected a proposed Third Amended Complaint. *See* Reconsideration Order at 1–26; *AlexSam II*, 2021 WL 3268853, at *1–*13.

In accordance with the Court's decision, and following an extension of time, *see* Order, ECF No. 117 (Aug. 17, 2021), AlexSam filed a motion for leave to file a Third Amended Complaint on September 9, 2021, *see* Mot. to Amend.

On October 15, 2021, Aetna, Inc. filed a memorandum in opposition to the renewed motion for leave to file a Third Amended Complaint. Def. Aetna, Inc.'s Opp'n to AlexSam's Second Mot. for Leave to File a Third Am. Compl., ECF No. 121 (Oct. 15, 2021) ("Opp'n").

On October 29, 2021, Plaintiff filed a reply in further support of its motion for leave to amend. *See* Pl.'s Reply in Supp. of its Mot. for Leave to File a Third Am. Compl., ECF No. 122 (Oct. 29, 2021) ("Reply").

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a

2

matter of course within: (A) 21 days after serving it; (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). If a court chooses to deny leave to amend, however, it must give some "justifying reason" for doing so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend including "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Id.*; *see also Lucence v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)").

But where a party seeks leave to amend after the deadline to amend pleadings has passed, the Court has greater discretion to deny leave to amend. *See Lyddy v. Bridgeport Bd. of Educ.*, No. 3:06-CV-1420 (AHN), 2008 WL 5117679, at *1 (D. Conn. Dec. 4, 2008) ("In other words, when the court issues a pretrial scheduling order [under] Fed. R. Civ. P. 16 that establishes a time table for amending pleadings, a plaintiff's ability to amend the complaint is governed by Rule 16, not Rule 15(a)." (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Carnrite v.*

*Granada Hosp. Grp. Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997))). In these cases, a moving party may be required to demonstrate that there is "good cause" both to amend the scheduling order and to amend their pleading. *See Parker*, 204 F.3d at 340 ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."). "[A] finding of 'good cause' depends on the diligence of the moving party." *Id*.

In exercising their discretion under Rule 16(b), courts "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner*, 496 F.3d at 244; *see also Lacher v. C.I.R.*, 32 F. App'x 600, 603 (2d Cir. 2002) (noting that undue prejudice to the opposing party is "typically the most important consideration in evaluating a motion to amend a pleading").

### III.  DISCUSSION

As a preliminary matter, following the Federal Circuit's decision in *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342 (Fed. Cir. 2021), the Court clarifies the appropriate standard of review. This decision did not supplant the plausibility standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell v. Twombly*, 550 U.S. 544 (2007). Rather, it clarified that the appropriate "'notice and plausibility' standard to evaluate the sufficiency of complaints" in the patent context. *Power Density Sols. LLC v. United States*, 159 Fed. Cl. 208, 218–19 (2022) (internal citations omitted).

To state a claim for relief under the standard articulated by the Federal Circuit, a complaint must be facially plausible under the *Iqbal*/*Twombly* standard, and, at the same time, it must "place the alleged infringer 'on notice of what activity . . . is being accused of

4

infringement.'" *Id*. (citing, *inter alia*, *Bot M8 LLC*, 4 F.4th at 1352). As a result, after *Bot M8 LLC*, a complaint in a patent case must contain "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim" to survive a motion to dismiss. *Bot M8 LLC*, 4 F.4th at 1353; *see also JG Techs., LLC v. United States*, 156 Fed. Cl. 691, 714 (2021) (dismissing complaint where the court found lacking "adequate factual support that ties the accused instrumentalities to [the defendant's] use" (citing *Bot M8 LLC*, 4 F. 4th at 1352)).

In *AlexSam I*, the Court permitted AlexSam until October 9, 2020 to "move for leave to file an amended pleading . . . to the extent the deficiencies identified in this ruling can be addressed." Dismissal Order at 47; *AlexSam I*, 2021 WL 3268853, at \*1, \*24. Then, in *AlexSam II*, the Court denied AlexSam's motion for leave to amend the Complaint, which alleged an alter-ego theory of liability against Aetna Life and sought to add Aetna Life as a party defendant. Reconsideration Order at 19–26; *AlexSam II*, 2021 WL 3268853, at \*10–\*13.

In response, AlexSam has moved for leave to file a revised version of its Third Amended Complaint, which seeks to add factual allegations about Aetna, Inc.'s accused products, direct infringement, induced infringement, contributory infringement, willful infringement, and Aetna, Inc.'s control of its subsidiaries. Mot. to Amend at 1–2. In addition, AlexSam has pled facts to support its contention that Aetna, Inc. has alter ego liability for the conduct of an alleged subsidiary, Aetna Life.[1] Ex. 1 to Pl.'s Mot. for Leave to File a Third Am. Compl. ¶ 77, ECF No. 118 (Sept. 10, 2021) ("Third Am. Compl.").

---

[1] These allegations include that Aetna Life allegedly lacks a "distinct website"; that "Aetna Life uses the Aetna trademark and brand name in marketing and advertising"; that "locations . . . ostensibly affiliated with its subsidiaries [ ] are portrayed on Aetna's website as being part of a single unified entity under the umbrella of Aetna, located 151 Farmington Avenue in Hartford, CT"; and that "Aetna's website offers a single unified contact point for employer inquiries, support inquiries, employment inquiries, product information, and company news updates." Third Am. Compl. ¶ 77.

5

Aetna, Inc. argues that leave to amend should be denied, where AlexSam has replead an alter ego theory, without sufficient factual allegations to support such a claim, and in direct contradiction to the Court's past decisions. Opp'n at 4–11. In Defendant's view, Plaintiff's new factual allegations regarding a shared website, brand name, trademark, address, and office space are insufficient to remedy this deficiency. *Id*. at 7–10. Furthermore, Aetna, Inc. argues that, in the absence of a viable alter ego theory, AlexSam cannot plausibly allege that Aetna, Inc. committed acts of infringement. *Id*. at 11–33.

In reply, AlexSam argues that its alter ego theory is viable, at least at the pleadings stage, in keeping with the Federal Circuit's decision in *Bot M8 LLC*. Reply at 4–7. Further, it argues that, regardless of whether veil piercing is proper, it has sufficiently alleged that the corporate parent, Aetna, Inc., may be held independently liable for indirect infringement. *Id*. at 8–10.

The Court disagrees.

Here, as in past versions of the pleadings, AlexSam has failed to plausibly allege that Aetna, Inc. has "alter ego" liability for the conduct of its subsidiary, Aetna Life. As the Court explained in *AlexSam I*, it is well settled[2] that disregard of corporate formalities, such as between a parent and subsidiary, should occur only where there is an indication that one corporation's owner exercises "total and exclusive domination of the corporation." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 139 (2d Cir. 2010) (quoting *Lowen v. Tower Asset Mgmt., Inc.*, 829 F.2d 1209, 1221 (2d Cir. 1987)). The allegations regarding a shared office space,

---

[2] In analyzing issues of alter ego liability, the Federal Circuit follows the law of the other courts of appeals. *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1380 (Fed. Cir. 2004). The parties have not briefed in any detail which law should govern the alter ego analysis here. Aetna, Inc. suggests that the Court should follow the law of Connecticut or Pennsylvania. *See* Opp'n at 7–8. Where federal common law and Connecticut law regarding veil-piercing appears to be essentially the same as the law of Pennsylvania, however, and does not appear to conflict with federal policy underlying the patent laws, Connecticut law will be applied. *See Jacobs Vehicle System, Inc. v. Pacific Diesel Brake Co.*, 424 F. Supp. 2d 388, 392 (D. Conn. 2006); *see also In re Pocius*, 556 B.R. 658, 671 (Bankr. E.D. Pa. 2016) (noting that "a very high showing of domination and control is necessary to establish alter-ego liability" under Pennsylvania law (internal citation and quotation marks omitted)).

website, trademark, and brand names in the Third Amended Complaint are insufficient to satisfy this standard. *Compare Burnett v. AT&T Inc.*, No. 3:17-CV-741 (DJS), 2018 WL 11206383, at *3 (D. Conn. Mar. 16, 2018) (finding no alter ego relationship between AT&T and AT&T Mobility despite allegations of shared website, trademarks, and brand), *with Avant Cap. Partners, LLC v. Strathmore Dev. Co. Michigan, LLC*, No. 3:12-CV-1194 (VLB), 2013 WL 5435083, at *13 (D. Conn. Sept. 30, 2013) (finding sufficient allegation of alter-ego liability where "[the plaintiff] has alleged that [the defendant], controlled by the sole president and manager . . . , organized and registered [alleged alter egos] . . . , with the explicit purpose of utilizing the entities to enter into a mortgage agreement" (internal quotation marks omitted)); *see also Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1458 (2d Cir. 1995) (collecting cases).

As to the issue of whether, in the absence of a plausible alter-ego liability theory, AlexSam has alleged an independent claim for indirect liability against the parent company, Aetna, Inc., the Court faces the same predicament as in *AlexSam II*. Plaintiff has, once again, drafted its pleadings such that the Court cannot untangle which portions of the proposed Third Amended Complaint may survive to state a claim against Aetna, Inc. independently. *See AlexSam II*, 2021 WL 3268853, at *12. In this version of the pleadings, as in the previous version, the liability of one entity is attributed entirely to the other.

Faced with this situation in *AlexSam II*, the Court offered AlexSam the opportunity to "re-file a proposed Third Amended Complaint that does not name Aetna Life." *Id*. Where AlexSam has failed to do so and has insisted on re-pleading its alter-ego liability theory, the Court has discretion to deny leave to amend and close this case. *See Davis*, 371 U.S. at 182 ("justifying reason[s]" for denying leave to amend include "repeated failure to cure deficiencies by amendments previously allowed"); *see also Starker v. Adamovych*, No. 15-CV-3691 (AJN),

7

2020 WL 5849219, at *6 (S.D.N.Y. Oct. 1, 2020) (stating that "plaintiff's wholly insufficient reasoning for failing to follow the Court's order itself weighs heavily against granting Plaintiff leave to amend"). And the Court will exercise that discretion here.

The proposed amended pleading represents AlexSam's sixth opportunity to state a viable claim.[3] The deficiencies in AlexSam's Complaint remain nearly three years to the day of this case's initial filing, and after being afforded multiple opportunities to cure them. Under these circumstances, AlexSam's inability to remedy the deficiencies in its Complaint in a timely fashion warrants denial of further leave to amend. *See United States v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (affirming district court denial of leave to amend where plaintiff "filed numerous pleadings over a period of three years and [was] aware of the deficiencies in his pleadings[,]" but remained "unable to cure these deficiencies"); *see also Grabcheski v. Am. Int'l Grp., Inc.*, 687 F. App'x 84, 88 (2d Cir. 2017) (summary order) (finding that the "district court [ ] did not abuse its discretion in dismissing the case with prejudice" based on "failure to plead a plausible [ ] claim," where amended pleading represented a "fifth bite at the apple" (emphasis omitted)).

Due to the age of this case, leave to amend further would prejudice Aetna, Inc., which has

---

[3] AlexSam filed its initial Complaint on June 28, 2019. *See* Compl., ECF No. 1 (June 28, 2019). Approximately three months later, AlexSam filed a second attempted pleading: the Amended Complaint. *See* Am. Compl., ECF No. 27 (Oct. 4, 2019). After Aetna, Inc. moved to dismiss, *see* Mot. to Dismiss on Behalf of Def. Aetna Inc., ECF No. 47 (Nov. 18, 2019), AlexSam filed its third attempted pleading, the Second Amended Complaint, *see* Second Am. Compl., ECF No. 57 (Dec. 6, 2019). When Aetna, Inc. moved to dismiss the Second Amended Complaint, *see* Def. Aetna Inc.'s Mot. to Dismiss the Second Am. Compl., ECF No. 65 (Jan. 10, 2020), AlexSam attached a fourth attempted pleading, the Third Amended Complaint, to its opposition memorandum, *see* Ex. 3 to AlexSam Inc.'s Opp'n to Def. Aetna, Inc.'s Mot. to Dismiss the Second Am. Compl., ECF No. 77-3 (Apr. 30, 2020) (Third Amended Complaint, first version). In *AlexSam I*, the Court offered AlexSam another chance to plead a plausible claim. *See* Dismissal Order. In response, AlexSam filed a motion for reconsideration, followed by a fifth attempted pleading: another proposed Third Amended Complaint. *See* Ex. 1 to Pl.'s Mot. for Leave to File a Third Am. Compl., ECF No. 104-1 (Dec. 9, 2020) (Third Amended Complaint, second version). In *AlexSam II*, the Court permitted AlexSam to re-file the proposed Third Amended Complaint, without naming Aetna Life. *See* Reconsideration Order at 25. Here, in its sixth attempted pleading, AlexSam has filed a revised version of the Third Amended Complaint. *See* Third Am. Compl. (Third Amended Complaint, third version).

8

already incurred significant costs in litigation as a result of AlexSam's dilatory tactics.[4] *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (noting that the "court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant").

Even if this were not the case, the denial of further leave to amend is appropriate under Federal Rule of Civil Procedure 16. The deadline for AlexSam to amend the Complaint was December 6, 2019. *See* Scheduling Order, ECF No. 39 (Nov. 4, 2019). AlexSam, once again, has failed to provide any basis for "good cause" to modify the scheduling order, or otherwise demonstrated the existence of new facts necessitating amendment. *Cf. AlexSam II*, 2021 WL 3268853, at *11–*12; *see also Ruotolo v. City of New York*, No. 03CV5045 (SHS), 2006 WL 2372236, at *2 (S.D.N.Y. Aug. 16, 2006), *aff'd*, 514 F.3d 184 (2d Cir. 2008) ("A court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.").

In addition to the prejudice faced by Defendants as a result of the delay in this already lengthy litigation, *see AlexSam II*, 2021 WL 3268853, at *11–*12, the absence of "good cause" further supports the Court's decision to exercise its discretion to deny leave to amend, *see Parker*, 204 F.3d at 340 ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the

---

[4] AlexSam has previously amended its Complaint on more than one occasion in an apparent attempt to avoid dismissal of the Complaint. *See supra* note 3. Such dilatory tactics provide further grounds to deny leave to amend. *See Am. Med. Ass'n v. United Healthcare Corp.*, No. 00 Civ. 2800 (LMM), 2006 WL 3833440, at *5 (S.D.N.Y. Dec. 29, 2006) ("When it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims . . . the court is free to deny leave to amend." (internal citations omitted)).

scheduling order where the moving party has failed to establish good cause."); *see also Bot M8 LLC,* 4 F.4th at 1357–58 ("Even if we might have reached a different decision if asked to consider the matter in the first instance, we do not find that the district court abused its discretion in denying leave to amend a second time.").

Accordingly, the motion for leave to amend will be denied with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the motion for leave to amend is **DENIED with prejudice**.

The Clerk of the Court respectfully is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of June, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE